TYSON, Judge.
Lonnica Flemming-Mason ("Respondent-mother") appeals from an order terminating her parental rights to four children, A.D.F., L.J.F., J.M.F., and M.N.M., all born out of wedlock. Ramon Mason ("Respondent-father") father of J.M.F. and M.N.M. appeals from the same order terminating his parental rights to them. The fathers of A.D.F. and L.J.F. do not appeal termination of their parental rights.
I. Background
On 20 February 2012, Guilford County Department of Health and Human Services ("petitioner") filed a juvenile petition which ultimately resulted in an adjudication on 22 March 2012 that the juveniles were neglected and dependent. On 2 May 2013, petitioner filed a petition to terminate the parental rights of the juveniles' parents. On 15 September 2014, the court filed the order from which Respondent-mother and Respondent-father appeal. The court terminated their parental rights on grounds pursuant to N.C. Gen.Stat. § 7B-1111(a)(1), (2), (3) and (6). The court concluded that termination of parental rights was in the juveniles' best interests.
II. Standard of Review
On appeal, our standard of review for the termination of parental rights is whether the trial court's findings of fact are based upon clear, cogent and convincing evidence and whether the findings support the conclusions of law.
The trial court's 'conclusions of law are reviewable de novoon appeal.'
In re J.S.L.,177 N.C.App. 151, 154, 628 S.E.2d 387, 389 (2006) (citations and internal quotation marks omitted).
II. Analysis
The attorneys for both Respondent-mother and Respondent-father filed "no merit" briefs pursuant to N.C.R.App. P. 3.1(d), stating that after conducting a conscientious and thorough review of the record on appeal, they were unable to identify any issues of merit upon which to base an argument for relief on appeal. Respondent-mother's attorney identifies three issues which could be argued in good faith, but acknowledges that making these arguments would be futile, since a finding of only one ground is required to terminate parental rights and an argument to challenge the court's determination to terminate her parental rights pursuant to N.C. Gen.Stat. § 7B-1111(a)(3) cannot be justified.
In his brief, Respondent-father's attorney states that he "cannot in good faith argue that all four grounds for termination were not properly supported." Each attorney attached to their briefs a letter addressed to the respective parent advising the parent of the attorney's inability to find issues to raise a meaningful appeal and of the parent's right to file his or her own brief directly with the Court of Appeals. The attorneys advised the parents of the deadline for filing their own briefs and provided this Court's mailing address. The attorneys also provided each parent with a copy of the record on appeal, the transcript, and the brief filed on behalf of the parent.
III. Conclusion
The parents have not filed their own written arguments, and the time period allowed to file written arguments pursuant to N.C. R.App. P. 3.1(d) has expired. After reviewing the record for possible errors overlooked by counsel, we are unable to find any issue to support a meaningful appeal. The order terminating parental rights is affirmed.
Affirmed.
Judges ELMORE and INMAN concur.
Report per Rule 30(e).
Opinion
Guilford County, Nos. 98 JT 730, 12 JT 18-20.
Appeal by respondents from order entered 15 September 2014 by Judge Betty J. Brown in Guilford County District Court. Heard in the Court of Appeals 18 May 2015.